[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This mortgage foreclosure action was commenced by the plaintiff by writ, summons and complaint, dated August 1, 1996. The defendants filed their Answer and Special Defenses, dated August 31, 1995. CT Page 4060
This matter was fully tried on the basis of the plaintiff's Second Amended Complaint, dated July 8, 1996.
After a full trial, the parties present or represented by counsel, the court, based on a preponderance of the credible, relevant and legally admissible evidence finds, determines, rules and enters judgment as follows:
On or about, April 14, 1997, Home Bank and Trust Company issued a mortgage commitment letter to the defendants, Anthony H. Gallicchio, a partner in the defendant PG Enterprises Limited Partnership. (PG)
On June 10, 1987, Shawmut Home Bank, a successor in interest to Home Bank and Trust Company, loaned $2,100,000 to the defendant PG. This loan was evidenced by a promissory mortgage note executed by all of the general partners of PG. The note was secured by a mortgage on 306 Industrial Park Road, Middletown, Connecticut (premises) an assignment of leases and rentals, and the personal guarantees of all other named defendants in this action.
The loan documents had two differences from the commitment letter, namely an interest floor of 10% and a yearly cap on the amount the interest rate could change.
Fleet Bank, f/k/a Shawmut Bank Connecticut, N.A. f/k/a Connecticut National Bank f/k/a Shawmut Home Bank f/k/a Home Bank and Trust Company, transferred the required payments under note out of PG's checking account on a monthly basis. Monthly statements were rendered to PG reflecting all payments. No objection was raised as to any payments.
After passing through the above named banking institutions, the loan was sold to the plaintiff on June 24, 1993. The note was endorsed and delivered to the plaintiff which entity the court finds to be a bona fide holder in due course for value received.
PG continued to make payments to the plaintiff, manually, for the next nineteen months until February 10, 1995. At which time PG ceased making payments because their tenant, Aetna Insurance Company, moved out of the premises.
The plaintiff sent a notice of default to PG on May 16, 1995, accelerating the note and declaring all of the principal CT Page 4061 due and payable in full.
PG is in further default for failure to pay applicable real estate taxes when they fell due on July 1, 1995, January 1, 1996, July 1, 1996 and January 1, 1997.
Because of the aforesaid defaults, the plaintiff commenced and continues this foreclosure.
The defendants' major complaint is that the note is unenforceable because its terms varied from the commitment letter, i.e. that it contained a limitation as to the lowest interest 10%, and a cap on the amount interest could change in any year.
The court expressly rules that such Special Defense is without merit. Firstly, because all parties signed the note which is evidence of the debt. The commitment letter is not evidence of any debt, but of the parties general contemplations at the time it was issued. The terms of the note are unambiguous, clear and in accordance with the parties agreement at the time it was signed. Secondly, the commitment letter was signed prior to June 10, 1987. If it were indeed an enforceable contract, the breach would have occurred at the time the note was signed. Any course of action based on breach of contract expired on June 10, 1993, over two years before this action commenced.
The court finds the issues for the plaintiff on its complaint and on the defendants' Special Defenses. The defendants' failed to prove their allegations on their Special Defenses.
The court finds that fair market value of the premises to be $1,115,000; the debt to be as of April 9, 1997, to be $2,411,589.20, with interest accruing at $637.37 per day. The court awards counsel fees of $35,000 and a title search fee of $150.00, plus costs of suit.
Judgment may enter for the plaintiff against all non appearing defendants and those appearing who have failed to disclose a defense.
Judgment of strict foreclosure may enter for the plaintiff against the defendants with the law day set for May 9, 1997 and subsequent days. CT Page 4062
SPALLONE, STATE TRIAL REFEREE.